**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BENGAL CONVERTING** | : | |
| **SERVICES, INC.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **DUAL PRINTING, INC.,** | : | |
| | : | **No. 11-6375** |
| **Defendant.** | : | |

**M E M O R A N D U M**

**GENE E.K. PRATTER, J.,**                                      **MARCH 12, 2012**

**I.      INTRODUCTION**

Plaintiff Bengal Converting Services, Inc. ("Bengal") brings this diversity action against

Dual Printing, Inc. seeking damages, interest, and attorney's fees for breach of contract, fraud,

conversion, and various other causes of action, stemming from Dual Printing's failure to pay

moneys due for paper goods supplied by Bengal in violation of their purported agreement.

Dual Printing filed a motion to dismiss Counts II and III of Bengal's Complaint (Docket

No. 7).[1]  For the reasons set forth below, the Court will grant Dual Printing's Motion to Dismiss

Counts II and III.

---

[1] Dual Printing's motion to dismiss initially sought dismissal of all six counts of Bengal's
Complaint under Rule 12(b)(6) and for lack of personal jurisdiction under Rule 12(b)(2).
However, on March 7, 2012, Dual Printing withdrew its motion to dismiss based on lack of
personal jurisdiction via letter to the court.  At oral argument, counsel for Dual Printing withdrew
its Rule 12(b)(6) motion to dismiss as to Counts I, IV, V, and VI.  Accordingly, Dual Printing's
motion challenges the sufficiency of the Complaint only as to Counts II and III.

## II.  FACTUAL BACKGROUND

Bengal, a fabricator of paper rolls, alleges that Dual Printing owes it $222,968.88, interest, and attorney's fees for paper goods it supplied to Dual Printing.  Bengal alleges it began selling its paper rolls to Dual Printing in July 2010.  Compl. ¶ 7.  On all sales between July 2010 and April 2011, Dual Printing made all payments for deliveries it accepted.  Id. at 9.

On 16 dates between April 21, 2011 and August 3, 2011 Bengal asserts that it sold and shipped paper rolls to Dual Printing, and Dual Printing accepted and retained the goods.  Id. at 10-12.  Although Bengal had not received payment from Dual Printing on the deliveries made after April 21, 2011, Dual Printing allegedly promised to pay the balance due to Bengal on numerous occasions, and on the basis of these promises, Bengal continued to ship goods to Dual Printing pursuant to their agreement.  Id. at 16-17.  However, Bengal asserts that the overdue invoices were not paid as promised.  Id. at 18.

Bengal contends that it included a sales invoice of the particular goods sold and delivered with each shipment of paper goods to Dual Printing.  Id. at 8. Likewise, each sale it made to Dual Printing was subject to Bengal's Terms and Conditions of Sale (Exhibit A), which provides that the buyer -- in this case, Dual Printing -- agrees to pay Bengal for all goods supplied upon receipt of invoices, to pay Bengal a finance charge on all unpaid balances due under the contract in an amount equal to 1.5% per month (18% per year), and to pay all fees and expenses including attorney fees incurred by Bengal in the collection of any amounts due from Dual Printing.  Id. at 8, 13-15.

On October 11, 2011, Bengal filed a six count Complaint (Doc. No. 1) against Dual Printing for breach of contract, fraud, conversion, unjust enrichment, action on book account, and action on account stated.  In response, Dual Printing filed the present motion to dismiss.

### III.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (quoting Conley, 355 U.S. at 47), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted).  The question is, briefly stated, has the claimant presented a "plausible" claim for relief?  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 1965 (citations omitted).  The question is not whether the claimant will ultimately prevail but whether the complaint is "sufficient to cross the federal court's threshold." Skinner v. Switzer, 131 S. Ct. 1289, 1296 (2011) (citations omitted); see also Matrixx Initiatives, Inc. v. Siracusano, 131 S. Ct. 1309, 1323 (2011).  Nonetheless, to survive a motion to dismiss, a civil complaint must allege "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (confirming that Twombly applies to all civil cases).

The Court "must only consider those facts alleged in the complaint and accept all of those allegations as true." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994) (citing Hishon v.

3

King & Spalding, 467 U.S. 69, 73 (1984)); see also Twombly, 127 S. Ct. at 1965 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"). Although the Court must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party, Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989), the Court need not accept as true "unsupported conclusions and unwarranted inferences," Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) (citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d. 902, 906 (3d Cir. 1997).

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  Fed. R. Civ. P. 9(b).  Pleading "particularity" does not require the plaintiff to "plead the date, place or time of the fraud, so long as they use an alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Rolo v. City Invest. Co. Liquidating Trust, 155 F.3d 644, 658 (3d Cir. 1998), abrogation on other grounds recognized, Forbes v. Eagleson, 228 F.3d 471 (3d Cir. 2000).  While the purpose of Rule 9(b) is to provide notice of the precise misconduct, courts "should apply the rule with some flexibility and should not require plaintiffs to plead issues that may have been concealed by defendants."  Id.  The Third Circuit has cautioned against focusing exclusively on Rule 9(b)'s particularity language because such a focus is "too narrow an approach [that] fails to take account of the general simplicity and flexibility contemplated by the rules."  Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984).  Instead, the court should focus on

4

whether the complaint "adequately describes the nature and subject of the alleged misrepresentation." Id.

## IV.    DISCUSSION

Counts II and III of Bengal's Complaint bring claims of fraud and conversion against Dual Printing.  In Count II, Bengal alleges that Dual Printing induced Bengal to ship it paper goods by making fraudulent promises that it would pay for the goods.  In Count III, Bengal asserts that Dual Printing converted Bengal's paper goods to its own without making payment to Bengal.  Dual Printing argues that both of these counts should be dismissed pursuant to the gist of the action doctrine and Federal Rule of Civil Procedure 9(b).

The gist of the action doctrine "serves to preserve the conceptual distinction between breach of contract claims and tort claims" by "preclud[ing] one from pursuing a tort action for the breach of contractual duties."  Bishop v. GNC Franchising LLC, 248 F. App'x 298, 299 (3d Cir. 2007) (citing eToll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002)). The doctrine bars tort claims "(1) where the claim arises solely from a contract between the parties; (2) where the duties allegedly breached were created by a contract; (3) where liability is derived from a contract; or (4) where the success of the tort claim is dependent on the terms of a contract."  Arader v. Dimitrov, No. 11-3626, 2012 WL 346680, at *7 (E.D. Pa. Feb. 3, 2012) (citing Pittsburgh Constr. Co. v. Griffith, 834 A.2d 572, 582 (Pa. Super. Ct. 2003).  Although the Pennsylvania Supreme Court has not yet expressly adopted the gist of the action doctrine, both Pennsylvania state and federal courts have predicted it would do so.  See, e.g., Williams v. Hilton Grp. PLC, 93 F. App'x 384, 385 (3d Cir. 2004); eToll, 811 A.2d at 14.

Despite this common belief that the Pennsylvania Supreme Court will adopt the gist of the action doctrine, as Judge Dalzell detailed at length in Vives v. Rodriguez, No. 09-2728, 2012 WL 298760, at *7 (E.D. Pa. Jan. 31, 2012), the Third Circuit Court of Appeals and the Pennsylvania Superior Court have not offered a unified approach to applying the gist of the action doctrine to claims of fraud.

The Pennsylvania Superior Court has drawn a categorical distinction between claims of fraud in the performance of a contract and fraud in the inducement, noting that the gist of the action doctrine should apply to the former, but not the later.  See eToll, 811 A.2d at 14 (noting that "until our Supreme Court holds otherwise, the gist of the action doctrine should apply to claims of fraud in the performance of a contract," and suggesting (but not holding) that fraud in the inducement may not necessarily be covered by the doctrine); Brickman Grp., Ltd. v. CGU Ins. Co., 865 A.2d 918, 928 (Pa. Super. Ct. 2004) (agreeing with plaintiff's argument that "the law appears to permit fraud in the inducement claims in disputes involving contractual obligations, notwithstanding that the gist of the action doctrine would bar claims of fraudulent (non)performance."); Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 719 (Pa. Super. Ct. 2005) ("[S]ince Appellant's tort claims relate to the inducement to contract, they are collateral to the performance of the contracts and therefore, are not barred by the gist-of-the action doctrine."); Mirizio v. Joseph, 4 A.3d 1073, 1087 (Pa. Super. Ct. 2010) (same).

Federal courts in the Third Circuit, however, have interpreted the doctrine "to call for a fact-intensive judgment as to the true nature of a claim," Williams v. Hilton Grp. PLC, 93 F. App'x 384, 385 (3d Cir. 2004), and concluded that the gist of the action doctrine may apply to bar both claims related to fraudulent performance *and* claims related to fraudulent inducement

6

where the false representation concerned duties later enshrined in the contract.  Pediatrix

Screening, Inc. v. TeleChem Int'l, Inc., 602 F.3d 541, 550 (3d Cir. 2010); Vives, 2012 WL

298760, at *11; see also Integrated Waste Solutions, Inc. v. Goverdhanam, No. 10-2155, 2010

WL 4910176, at *11 (E.D. Pa. Nov. 30, 2010) (Buckwalter, J.).  "In other words, if the duties in

question are intertwined with contractual obligations, the claim sounds in contract, but if the

duties are collateral to the contract, the claim sounds in tort."  Sunburst Paper, LLC v. Keating

Fibre Int'l, Inc., No. 06-3959, 2006 WL 3097771, at *2 (E.D. Pa. Oct. 30, 2006).  For the same

reasons discussed by Judge Dalzell in his recent opinion in Vives, 2012 WL 298760, at *11, this

Court will also follow the Third Circuit Court of Appeals interpretation of the gist of the action

doctrine as it relates to fraud.

Bengal alleges that following an extended course of dealing, which it claims established a

contract between the parties, Dual Printing fraudulently represented that it would continue to pay

for the paper goods supplied by Bengal.  Such a representation to pay for goods purchased pursuant

to a contract, particularly one premised upon a course of dealing between the parties in which prior

payments had been made, cannot be considered collateral to the contract.  See, e.g., Sunburst

Paper, 2006 WL 3097771, at *3 (holding that plaintiff's claim of fraud was barred by the gist of

the action doctrine where its claim of fraud related to the defendant's failure to pay for the paper

goods they contracted to buy).  Indeed, (1) the claim arises solely from the alleged contract

between the parties, (2) the duties allegedly breached were created and grounded in the purported

contract, (3) the liability stems from the alleged contract, and (4) the fraud essentially duplicates a breach of contract claim.[2]

Bengal attempts to salvage its allegation of fraud by claiming it was pled in the alternative in the event the Court found that no contract existed between the parties.  While litigants are indeed permitted to plead causes of action in the alternative they still must plead facts that support the alternative pleading.  See Fed. R. Civ. P. 8(d)(2).  Here, Bengal alleges that Dual Printing's representations were false when made and were made to induce Bengal to continue to sell its paper goods to Dual Printing.  Compl. ¶ 38-39.  However, nowhere does it plead any facts suggesting that a contract does not exist or that Dual Printing denies that the contract exists.[3]  Accordingly, Bengal's claim for fraud in Count II is barred by the gist of the action doctrine.[4]

---

[2]While the Pennsylvania Superior Court has held that fraudulent inducement to enter into a contract is collateral to the contract and not covered by the gist of the action doctrine, Bengal's assertion that its claim constitutes fraud in the inducement is dubious at best.  As noted above, the purported misrepresentation alleged in the Complaint concerns a promise to pay for goods purchased pursuant to a contract based on a course of dealing.  This certainly seems to be a case of fraud in the performance, despite Bengal's attempt to label it otherwise.  Accordingly, this claim would also likely be barred on the Pennsylvania Superior Court's interpretation of the gist of the action doctrine as it applies to fraud.

[3] In responsive pleadings Dual Printing disputes the existence of a contract between the parties.  But no such allegation exists within the four corners of the Complaint.

[4] Regardless, Bengal's claim of fraud would also fail under Rule 9(b).  Bengal fails to allege the circumstances of the alleged fraudulent representations with "precise allegations of date, time, or place," Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 172 n.10 (3d Cir. 2002), or "who made a misrepresentation to whom and the general content of the misrepresentation."  Lum v. Bank of America, 361 F.3d 217, 224 (3d Cir. 2004).  Moreover, although Bengal asserted at oral argument that Dual Printing knew it was unable to pay at the time it made its promises to pay, no such allegation is made in the Complaint.

With respect to Bengal's conversion claim, "both Pennsylvania intermediate courts and courts of this Circuit have made clear that where a tortious claim for conversion is based solely on the failure to perform under a contract, it is barred by the gist of the action doctrine." Vives, 2012 WL 298760, at *7; see also Kia v. Imaging Sciences Int'l, Inc., 735 F. Supp. 2d 256, 271 (E.D. Pa. 2010) (Bartle, J.) ("[Kia's] tort and breach of contract claims are inextricably intertwined, the success of the conversion claim depending entirely on the obligations as defined by the contract."). Here, Bengal's conversion claim is grounded solely in Dual Printing's alleged failure to fulfill its obligations under the purported contract. Because Bengal's conversion claim sounds in breach of the contract, the gist of the action doctrine applies. Accordingly, the Court grants Dual Printing's motion to dismiss Count III of the Complaint.

V.     **CONCLUSION**

For the foregoing reasons, the Court concludes that Counts II and III of Bengal's Complaint are barred by the gist of the action doctrine. Accordingly, the Court will grant Dual Printing's motion to dismiss.

An appropriate order consistent with this Memorandum follows.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge